# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, NORTHERN DISTRICT

|  |  |  |
|---|---|---|
| SUSAN MICHAEL, on behalf of herself and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16 CV 07238 |
| CITIMORTGAGE, INC. and SAFEGUARD PROPERTIES MANAGEMENT, LLC, | ) ) ) | Judge Amy J. St. Eve Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) ) | |

### AFFIDAVIT OF SUSAN MICHAEL

Susan Michael, being duly sworn on oath, does hereby state and attest as follows:

1. I am an individual of mature years, and have personal knowledge of the matters addressed herein. If sworn to testify, I would competently set forth the basis for these attestations.

2. I am the plaintiff in the above-captioned action. In or about 2005, I signed a mortgage instrument prepared by CitiMortgage, Inc. pertaining to my family's residence at 1955 Shore Acres Boulevard in Lake Bluff, Illinois.

3. I suffer from multiple sclerosis. As a consequence, I am usually if not invariably physically present in our residence throughout each day. Moreover, there is invariably at least one individual (in addition to myself) present in our home to assist me with my daily requirements and to look after the household.

4. In or about 2010, due to inadvertent circumstances impacting upon my husband George Michael's income as a Realtor, we defaulted on our mortgage with CitiMortgage, Inc.

5. Immediately following our default on our mortgage, I was aware that charges were being assessed on our monthly mortgage statements, each and every month, for alleged inspections of our home that never (as far as I was aware) took place.

6.     Following our default on our mortgage in 2010, to the present day, I have never observed or been made aware of any inspection of our home being carried out at any time. Nor, to my knowledge, has any other individual present in our residence ever observed or been made aware of a single inspection of our home being carried out, whether by a representative of CitiMortgage or any other company.

7.     At all times, prior to and following our default on our mortgage with CitiMortgage, Inc., our residence and the surrounding real property has been kept up and looked after by my family. The residence and surrounding structures and real estate have been regularly maintained by my family, the lawn regularly mown, and the house kept clean.

8.     In April of 2016, I was informed by my husband that a class action against CitiMortgage was being contemplated by local attorneys. George informed me that the case would pertain to the practice of CitiMortgage, Inc. of charging mortgage-holders who had defaulted on their mortgages for regular "drive-by" inspections of their homes, regardless of the actual condition of their homes. George informed me that the attorneys had requested that either I or my husband be named as the plaintiff in the action.

9.     I gave my consent to my being named as the plaintiff in this action.

10.     In or about May of 2016, my husband told me that it was necessary for us to contact CitiMortgage in advance of the aforesaid case being filed, to give CitiMortgage the opportunity to reimburse us for the charges for the aforesaid alleged inspections. My husband explained that this was required by the terms of our mortgage.

11.     On or about May 11, 2016, my husband prepared a letter to CitiMortgage, Inc. for me to sign. A copy of that letter is attached to this affidavit. I reviewed the letter and, with his assistance, signed my name to the letter. My husband put the letter in a stamped envelope and

mailed it to CitiMortgage.

12.     The address on the aforesaid envelope was the address for CitiMortgage, Inc. that was printed on the first page of our mortgage.

13.     As far as I am aware, CitiMortgage, Inc. never responded to our aforesaid letter. We received no response from CitiMortgage by letter. I am unaware of any telephone call from a CitiMortgage representative addressing these issues.

14.     We never received our aforesaid letter back in the mail, as would have occurred had the letter been improperly addressed or appended with insufficient postage.

15.     I relied upon our letter mailed to CitiMortgage, Inc. in assuming that we had satisfied the requirements of our mortgage for bringing a lawsuit against CitiMortgage.

FURTHER AFFIANT SAYS NOT.

_____
SUSAN MICHAEL

Signed and sworn to before me this 26 day of December, 2016.

NOTARY PUBLIC

OFFICIAL SEAL
GEORGE MICHAEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:05/10/18

May 11, 2016

CITIMORTGAGE, INC.
12855 North Outer Forty Drive
Saint Louis, MO 63141

Re:     Susan Michael & Family
        1955 Shore Acres Boulevard
        Lake Bluff, Illinois 60044


Dear Sir or Madam:

        We have a mortgage on our residence with CitiMortgage, Inc.   In 2010, we defaulted on our mortgage.

        CitiMortgage has been charging us every month for home inspections.   We have never observed any of these inspections actually taking place.

        We have continued to reside in our home since defaulting on our mortgage. Our home has been kept clean.  Our lawn has been mowed regularly.   Our home has never been neglected in any way.

        We are considering filing a lawsuit against CitiMortgage on the basis that we have been charged for unnecessary inspections.

        Our mortgage requires that CitiMortgage do <u>whatever is reasonable</u> to protect its interest in our property.  We believe that CitiMortgage has been behaving unreasonably in charging us for these inspections.

        Our mortgage requires that we contact CitiMortgage in writing before filing a lawsuit, to give CitiMortgage the chance to take corrective action.

        <u>If we do not hear from CitiMortgage within thirty (30) days regarding its aforesaid breach of our mortgage agreement</u>, please be advised that we will file a lawsuit against CitiMortgage.

                            Very truly yours,



                            Susan Michael